IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| CHARLES RANDALL HARRISON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil Action No. 2:17cv42-WHA |
| | ) | [WO] |
| STATE OF ALABAMA, *et al.*, | ) | |
| | ) | |
| Respondents. | ) | |

## RECOMMENDATION OF THE MAGISTRATE JUDGE

## I.   INTRODUCTION

This case is before the court on a *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2254 filed by Charles Randall Harrison on January 14, 2017.  Doc. # 1.[1]  Harrison is a federal inmate at a federal facility in Lexington, Kentucky.  He is currently serving a lengthy sentence imposed by the United States District Court for the Northern District of Florida on convictions for conspiracy to possess with intent to distribute methamphetamine and possession of amphetamines.  In his § 2254 petition, Harrison attacks his 1989 conviction in the Covington County, Alabama Circuit Court for unlawful distribution of a cocaine, for which he was sentenced to seven years in prison.  The sentence for that 1989 Alabama conviction

---

[1] Document numbers ("Doc(s). #") are those assigned by the Clerk of Court.  Page references are those assigned by CM/ECF.

has long since expired.  But Harrison says he is still "in custody" under that conviction because it was used to enhance the federal sentence he is serving.  The Respondents argue that Harrison is no longer in custody under the 1989 Alabama conviction and that, in any event, his attack on that conviction is time-barred under AEDPA's one-year limitation period, 28 U.S.C. § 2244(d).  For the reasons that follow, the Magistrate Judge finds that Harrison's petition should be denied without an evidentiary hearing.

## II.   DISCUSSION

### A.   "In Custody" Requirement, *Maleng*, and the *Lackawanna/Daniels* Exception

Federal district courts have jurisdiction to entertain § 2254 petitions only from persons "*in custody* in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a) (emphasis added); *see* 28 U.S.C. § 2241(c)(3); *Means v. Alabama*, 209 F.3d 1241, 1242 (11th Cir. 2000).  The Supreme Court in *Maleng v. Cook*, 490 U.S. 488 (1989), stated that this "in custody" requirement means "the habeas petitioner [must] be 'in custody' under the conviction or sentence under attack at the time his petition is filed."  490 U.S. at 490–91.  And where a habeas petitioner's sentence has expired, he does not meet the "in custody" requirement.  *Id*. at 491.  However, the Court in *Maleng* recognized that where a § 2254 petition may be read as asserting a challenge to a present sentence that was enhanced by an

2

allegedly invalid prior conviction, a petitioner may satisfy the "in custody" requirement for federal habeas jurisdiction.  *Id.* at 493–94.

Harrison maintains that his 1989 Alabama conviction was used to enhance the federal sentence he is currently serving.  He presents no evidence that this is true.  For the sake of argument, however, this court assumes Harrison is correct and that his current federal sentence was enhanced by his 1989 Alabama conviction—and, therefore, for purposes of habeas law, Harrison is "in custody" because of his expired 1989 Alabama conviction.

The mere fact that Harrison's expired conviction was used to enhance his current sentence does not, standing alone, allow him to challenge his prior conviction.  Under the Supreme Court's holdings in *Lackawanna County Dist. Att'y v. Coss*, 532 U.S. 394 (2001), and *Daniels v. United States*, 532 U.S. 374 (2001), an expired prior conviction used to enhance a current sentence may be attacked only when the prior conviction was obtained in proceedings where the petitioner lacked counsel in violation of the Sixth Amendment, as set forth in *Gideon v. Wainwright*, 372 U.S. 335 (1963).[2]  *Lackawanna*, 532 U.S at 404–05; *Daniels*, 532 U.S. at 382–84.  *See Hubbard v. Haley*, 317 F.3d 1245, 1256 n.20 (11th Cir. 2003).  Moreover, a petitioner seeking relief under this exception must also satisfy the procedural

---

[2] In *Gideon*, the Supreme Court held that a state court's refusal to appoint trial counsel, upon request, for an indigent defendant accused of a non-capital felony violated due process.  *Gideon*, 372 U.S. at 343–45.  The right to counsel at trial flows from the explicit grant of this right in the Sixth Amendment made applicable to the states through the Due Process Clause of the Fourteenth Amendment.  *Id.* at 339.

prerequisites—for example, AEDPA's statute of limitations—for § 2254 relief.  *See Lackawanna*, 532 U.S at 404.

The materials before this court reflect that Harrison was represented by counsel during the state court proceedings resulting in his 1989 Alabama conviction, and Harrison acknowledges that he had counsel in those proceedings.  *See* Doc. # 1 at 12; Doc. # 7-6 at 7 & 23–24; Doc. # 11-1 at 1, 4 & 8–9; Doc. # 12 at 7 & 10–12. Because Harrison was represented by counsel in connection with his 1989 Alabama conviction, he is precluded from seeking relief through his § 2254 petition.  *See Lackawanna* 532 U.S. at 406.

## B.    AEDPA's Limitation Period

Harrison's attack on his 1989 Alabama conviction is also clearly time-barred under the one-year limitation period applicable to habeas actions, as set forth in 28 U.S.C. § 2244(d) of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA").[3]  A review of the materials submitted by the Respondents reveals that

---

[3] Section 2244(d) of AEDPA states:

(1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody under the judgment of a State court.  The limitation period shall run from the latest of—

(A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

Harrison's 1989 Alabama conviction became final in 1990,[4] before the April 24, 1996 enactment of AEDPA.  Therefore, absent tolling, Harrison had until April 24, 1997—one year after AEDPA's effective date—to file a timely § 2254 petition challenging the conviction.  *See Wilcox v. Florida Department of Corrections*, 158 F.3d 1209, 1211 (11th Cir. 1998).  Harrison filed a petition for post-conviction relief under Rule 32 of the Alabama Rules of Criminal Procedure on April 15, 2003—well after the expiration of AEDPA's limitation period in April 1997.[5]  *See* Doc. # 7-6 There is no evidence that Harrison filed a Rule 32 petition prior to the one he filed in April 2003. Therefore, Harrison cannot benefit from tolling under 28 U.S.C.

---

(B) the date on which the impediment to applying created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through exercising due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review regarding the judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

[4] Harrison's 1989 Alabama conviction was affirmed on direct appeal on December 1, 1989.  *See Harrison v. State*, 560 So. 2d 1124, 1125 (Ala. Crim. App. 1989).  He filed a petition for writ of certiorari with the Alabama Supreme Court, which was denied on March 23, 1990.  He did not file a petition for writ of certiorari with the United States Supreme Court.
[5] The trial court denied the Rule 32 petition on May 12, 2003, and the Alabama Court of Criminal Appeals affirmed that denial on October 24, 2003.  Docs. # 7-1 & 7-2.  The Alabama Supreme Court denied certiorari review on January 23, 2004.  Docs. # 7-4 & 7-5.

§ 2244(d)(2) (AEDPA's limitation period is tolled under § 2244(d)(2) during the time that a "properly filed" state post-conviction petition is pending). *See Moore v. Crosby*, 321 F.3d 1377, 1381 (11th Cir. 2003) ("While a 'properly filed' application for post conviction relief tolls the statute of limitations, it does not reset or restart the statute of limitations once the limitations period has expired."). There is also no indication that any of the statutory tolling provisions of 28 U.S.C. § 2244(d)(1)(B)–(D) or principles of equitable tolling apply in Harrison's case so that AEDPA's limitation period might be deemed to have expired later than April 24, 1997. Harrison does not carry his burden of showing that some extraordinary circumstance stood in his way and prevented timely filing of his petition and that he pursued his rights diligently regarding his challenge to his 1989 Alabama conviction. *See Holland v. Florida*, 560 U.S. 631, 649 (2010).

Harrison's § 2254 petition was filed on January 14, 2017—almost 20 years too late under AEDPA's limitation period to challenge his 1989 Alabama conviction. For this reason, and because (as discussed above) Harrison had counsel in those state court proceedings, Harrison cannot attack his 1989 Alabama conviction.

## III.   CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the petition for writ habeas corpus under 28 U.S.C. § 2254 be DENIED and this case be dismissed with prejudice.

It is further

ORDERED that the parties shall file any objections to this Recommendation or before February 11, 2019.  A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered.  Failure to file written objections to the Magistrate Judge's findings and recommendations under 28 U.S.C. § 636(b)(1) will bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir.1982); 11th Cir. R. 3-1;  *Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).

Done this 28th day of January, 2019.

/s/Charles S. Coody
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE